JOURNAL ENTRY AND OPINION
{¶ 1} Robert Winston ("Winston") appeals his convictions received in Cuyahoga County Common Pleas Court. Winston argues that the jury verdict is not supported by sufficient evidence, and that his convictions are against the manifest weight of the evidence. For the following reasons, we affirm Winston's convictions.
 {¶ 2} On August 4, 2004, Winston went to Avis Rent-A-Car ("Avis") to return his rented Cadillac DeVille. Employees of Avis contacted Winston and asked him to return the vehicle, as it had too many miles and needed to be auctioned. Winston arrived at Avis, returned the vehicle, and received another Cadillac DeVille.
 {¶ 3} A few minutes after leaving Avis, Winston called Nicholas Kinsey ("Kinsey"), the employee of Avis who handled the exchange. Winston told Kinsey that he had left his compact discs at Avis's counter and stated that he would be in to claim them. When Winston returned to Avis, Kinsey walked outside and handed Winston his compact discs. After receiving his discs, Winston left Avis.
 {¶ 4} Approximately fifteen minutes later, Winston called Kinsey a second time to tell him that he had left a blue plastic bag in the vehicle. Kinsey informed Winston that an employee of Avis was in the process of transporting the car to the Avis airport location. Kinsey then told Winston that he would call the Avis airport manager and ask her to hold the vehicle.
 {¶ 5} A short time later, Avis airport manager, Deb Bernier ("Bernier") received a call from a man who identified himself as Robert Winston. Winston stated that he was on his way to the airport to pick up his lost and found item left in the car he just returned in Beachwood. Approximately ten to fifteen minutes later, Bernier received a second call from Winston. Bernier told Winston that the car had arrived and that an employee would retrieve the bag and place it in her office. Winston told Bernier that the bag was blue, that he was on his way to pick up the item, and instructed her not to open the bag.
 {¶ 6} While Bernier was on the phone with Winston, a second Avis manager retrieved the blue bag from the back seat of the vehicle and brought the item into Bernier's office. Because of post-9/11 security measures, Bernier opened the blue bag and discovered what appeared to be drugs. Bernier told Winston that she would be unable to return the bag. Nonetheless, Winston told Bernier that he was on his way.
 {¶ 7} Bernier called law enforcement officers who arrived a short time later. The officers looked at the contents of the bag and determined that the bag appeared to contain marijuana and crack cocaine. While the officers were in Bernier's office, she received a call from an agent at the Avis' sales counter stating that a customer was at the counter waiting to claim a bag. The officers approached Winston and placed him under arrest for violation of state drug law. After his arrest, Winston told the officers that he was at the airport to pick up his cousin named Derrick. Officers asked him about the blue bag but Winston denied all knowledge of the bag, telling police that he was there to pick up his friend named Derrick.
 {¶ 8} Cleveland Police SIU tested the contents of the blue bag and found the contents to be positive for 71.46 grams of marijuana and 9.82 grams of crack cocaine.
 {¶ 9} The Cuyahoga County Grand Jury returned a three-count indictment against Winston. Count one charged Winston with possession of drugs, crack cocaine, in violation of R.C. 2925.11, a third degree felony. Count two charged Winston with trafficking in drugs, crack cocaine, in violation of R.C. 2925.03, a third degree felony. Count three charged Winston with trafficking in drugs, marijuana, in violation of R.C. 2925.03, a fifth degree felony. The jury returned a verdict of guilty on all three counts. The trial court sentenced Winston to a prison term of four years on count one, a term of one year on count two, and a term of one year on count three. The trial court ordered the prison terms to be served concurrently.
 {¶ 10} Winston appeals, raising the two assignments of error contained in the appendix to this opinion.
 {¶ 11} In his first assignment of error, Winston argues that the state failed to present sufficient evidence that he committed the crimes charged. In his second assignment of error Winston argues that his conviction is against the manifest weight of the evidence. Although these arguments involve different standards of review, we will consider them together because we find the evidence in the record applies equally to both.
 {¶ 12} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."
 {¶ 13} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259 paragraph 2 of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 14} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered, in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'"
"* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387.
 {¶ 15} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt. State v. DeHass (1967),10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should grant a new trial only in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479,2000-Ohio-465. (Citation omitted.)
 {¶ 16} The jury found Winston guilty of possession of drugs pursuant to R.C. 2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." Winston argues that the state failed to present any evidence that he was ever in possession of the drugs or that he ever claimed ownership of the drugs.
 {¶ 17} Pursuant to R.C. 2925.01(K), possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession of a drug may be either actual or constructive. State v. Lee, Ashtabula App. No. 2002-T-0168, 2004-Ohio-6954. "If the evidence demonstrates that a party was able to exercise dominion and control over the drug(s) in question, a party can be convicted of constructive possession of drug(s)." State v. McEndree, Ashtabula App. No. 2004-A-0025,2005-Ohio-6909. To establish constructive possession, "it must be also shown that the [defendant] was conscious of the presence of the object." McEndree, supra, citing State v. Hankerson
(1982), 70 Ohio St.2d 87.
 {¶ 18} In the present case, the State of Ohio presented the following evidence: Winston rented a Cadillac DeVille from Avis; Winston exchanged the rented Cadillac for another Cadillac because of high mileage on the vehicle; after leaving Avis, Winston called two Avis employees to tell them that he had left a bag in the vehicle and that he would return to Avis to retrieve the item; Winston told Avis employees not to open the bag; an Avis employee retrieved the bag from the rented Cadillac; the bag contained two plastic baggies containing green-brown vegetative material and a third plastic baggie containing four plastic bags of green-brown vegetative material analyzed and found to be positive for 71.46 grams of marijuana; and, the bag contained one plastic baggie that contained eight knotted plastic bags of off-white rock-like material analyzed and found to be positive for 9.82 grams of crack cocaine.
 {¶ 19} Though Winston never admitted to possessing the recovered drugs, it is clear from the evidence presented that he had rented the Cadillac from which the Avis employee recovered the blue bag containing the contraband. Winston's multiple phone calls to Avis employees demonstrated his ownership and control of the blue bag. Moreover, Winston's instruction to Bernier not to open the bag implies his knowledge of the presence of the controlled substances. Finally, Winston told Avis airport counter employees that he was there to pick up his bag and changed his story only when he observed the arresting officers.
 {¶ 20} Accordingly, the state presented sufficient evidence to permit a rational jury to find Winston guilty of possession of drugs under R.C. 2925.11(A). The trial court did not err when it denied Winston's motions for acquittal. Winston restates the same argument in support of his manifest weight contention. When reviewing the evidence presented by the state as listed above, we do not think the jury lost its way in convicting Winston of the charge of possession of drugs.
 {¶ 21} The jury also convicted Winston of trafficking in drugs pursuant to R.C. 2925.03, which provides, "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." In response, Winston argues that the state failed to present any evidence that he was involved in any drug trafficking activities. This argument is without merit.
 {¶ 22} Pursuant to R.C. 2925.03, trafficking in drugs includes preparation of a controlled substance for distribution. In support of its two convictions for trafficking in drugs, the State of Ohio presented evidence of the packaging of the drugs. Specifically, the arresting officers testified that when they recovered the bag, it contained two plastic baggies containing green-brown vegetative material and a third plastic baggie containing four plastic bags of green-brown vegetative material analyzed and found to be positive for 71.46 grams of marijuana; and the bag also contained one plastic baggie that contained eight knotted plastic bags of off-white rock-like material analyzed and found to be positive for 9.82 grams of crack cocaine.
 {¶ 23} Accordingly, the State of Ohio presented sufficient evidence to permit a rational jury to find Winston guilty of the two counts of trafficking in drugs. As he did with his conviction for possession of drugs, Winston restates the same argument in support of his manifest weight contention. After reviewing the evidence presented by the state as listed above, we do not think the jury lost its way in convicting Winston of the charge of possession of drugs.
 {¶ 24} Winston's first and second assignments of error are overruled.
Judgment affirmed. It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Calabrese Jr., J., concur.
 Appendix A Assignments of Error:
 "I. The trial court erred in denying Appellant's motion foracquittal as to the charges when the state failed to presentsufficient evidence to sustain a conviction.
 II. Appellant's conviction is against the manifest weight ofthe evidence."