JOURNAL ENTRY AND OPINION
{¶ 1} Gregory Hereford ("Hereford") appeals his conviction received in the Cuyahoga County Common Pleas Court. Hereford argues that the State of Ohio ("State") failed to present sufficient evidence to support his conviction for trafficking in drugs. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In the early morning hours of January 21, 2005, Shaker Heights Police received a call to respond to a residential address on Lindholm Road for a reported disturbance. Officer Dietz ("Dietz") received the call and responded to the area. When she arrived at the corner of Lindholm Road and Lomond Boulevard, Dietz saw Hereford attempting to flag down her patrol car. Dietz stopped to investigate and learned almost immediately that Hereford had been a part of the disturbance that resulted in the request for police.
 {¶ 3} As Dietz stopped and rolled down her window, Hereford stepped by the rear passenger door and bent down quickly. Dietz immediately exited her patrol car to speak with Hereford concerning the dispute. After speaking with Hereford, Dietz patted him down and placed him into the back seat of the patrol car. Dietz admitted that she had not placed Hereford under arrest, but wanted to confirm the details of the disturbance before releasing Hereford.
 {¶ 4} Additional officers arrived on the scene and requested an ambulance to respond to the location for the female involved in the disturbance. However, because Dietz had not completely pulled her patrol car over to the side of the road, the ambulance could not pass. Dietz moved her patrol car, allowing the ambulance to pass.
 {¶ 5} After moving her vehicle, Dietz exited her patrol car and observed a plastic baggie in the street that had previously been concealed by her patrol car. Dietz explained the baggie to be an opaque bag containing eleven individually sealed baggies containing green vegetative material. Dietz placed the material on the trunk of her car and approached Hereford, who immediately indicated that he did not want to get in trouble for the marijuana. Dietz asked Hereford whether the marijuana belonged to him and Hereford said yes. Dietz advised Hereford of his constitutional rights and placed him under arrest.
 {¶ 6} Dietz transported Hereford back to Shaker Heights jail where he spoke with Sergeant Doles ("Doles"). When speaking with Doles, Hereford claimed that he used the recovered marijuana for personal use. Hereford stated that he normally purchased marijuana in larger quantities and then puts them into smaller bags so that he can fill cigars.
 {¶ 7} Lab tests revealed the green vegetative material was positive for 16.72 grams of marijuana.
 {¶ 8} On March 18, 2005, the Cuyahoga County Grand Jury indicted Hereford with one count of possession of drugs and one count of trafficking in marijuana. Hereford pleaded not guilty and elected to have the trial court, sitting without a jury, hear the matter. After a brief trial, the court found Hereford guilty of possession of drugs, a minor misdemeanor, and trafficking in drugs, a fifth-degree felony.
 {¶ 9} On June 16, 2005, the trial court sentenced Hereford to one year community control on the charge of trafficking in drugs. The trial court sentenced Hereford to a fifty-dollar fine on the charge of possession of drugs. Hereford appeals his conviction raising a single assignment of error:
"The evidence is insufficient to sustain a conviction for trafficking in marijuana."
 {¶ 10} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, as follows:
"Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991),61 Ohio St.3d 259 paragraph 2 of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 12} During trial, Hereford's counsel conceded that his client possessed the marijuana. Additionally, Hereford's appellate counsel does not appeal that concession, nor the guilty verdict on that charge. Hereford does appeal the guilty verdict on the charge of trafficking in drugs.
 {¶ 13} R.C. 2925.03 provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 14} In the present case, Hereford argues that the mere fact that he possessed a baggie containing eleven individually sealed baggies containing marijuana, was insufficient to meet the elements of trafficking in drugs. We find this argument unpersuasive.
 {¶ 15} Pursuant to R.C. 2925.03, trafficking in drugs includes preparation of a controlled substance for distribution. See, State v. Winston, Cuyahoga App. No. 86340, 2006-Ohio-1241. In support of Hereford's conviction for trafficking in drugs, the State presented evidence of the packaging of the drugs. Specifically, Officer Dietz testified that when she recovered the bag, it contained eleven baggies containing green vegetative material analyzed and found to be positive for 16.72 grams of marijuana. Moreover, Dietz and Doles both testified that in their experience, this manner of packaging was consistent with someone selling drugs, not someone using drugs for personal use.
 {¶ 16} Accordingly, viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found that the State proved all the elements of trafficking in drugs beyond a reasonable doubt.
 {¶ 17} Hereford's first assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., And Karpinski, J., concur